UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHNNY HILL,

Plaintiff,

-against-

N.Y.C. SHELTER SYSTEM, et al.,

Defendants.

22-CV-7350 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that

Defendants failed to protect him from assault and robbery at two different shelters. By order

dated August 31, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP),

that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff

leave to file an amended complaint within 60 days of the date of this order

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that

the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must

accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of

action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating

legal conclusions from well-pleaded factual allegations, the Court must determine whether those

facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

## BACKGROUND

Plaintiff brings this action against the "N.Y.C. Shelter System" and intake officers at the

Renaissance Shelter in Brooklyn, New York, and the Cromwell Avenue Safe Haven Shelter in

Bronx, New York.[1] Plaintiff asserts that, in May and July 2022, he "was robbed and assalted and

---

[1] Plaintiff did not provide the names of the shelters, only providing their addresses. The Court gleaned from Google's internet search engine that the first shelter, located at 599 Ralph Ave., is the Renaissance Shelter operated by Services for the Underserved. The Court further learned that the second address provided by Plaintiff, 1865 Cromwell Ave. in the Bronx, was incorrect, and that Plaintiff was actually referring to the Cromwell Avenue Safe Haven Shelter, which is located at 1365 Cromwell Ave. in the Bronx and operated by Volunteers of America.

staff and client were witnesses." (ECF 2, at 4.)[2] Plaintiff further claims that he "suffered a broken rib[,] fractured jaw[,] and staples in [his] head." (*Id*. at 5.) He seeks $2 million in damages.

**DISCUSSION**

**A.     Claims under Section 1983**

Plaintiff invokes 42 U.S.C. § 1983, to assert that Defendants failed to protect him from being assaulted and robbed in the shelters. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Plaintiff does not, however, allege sufficient facts to bring Section 1983 claims against any of the named defendants.

1.     Claims against the unnamed "Intake Officers"

The Court starts with the observation that Plaintiff's claims arose from events that occurred at Renaissance Shelter and Cromwell Avenue Safe Haven Shelter, which are shelters operated by Services for the Underserved (SUS) and Volunteers of America (VOA), respectively. Both SUS and VOA are private non-profit organizations that provide social services, including shelter to the homeless.[3] Plaintiff seeks to sue "Intake Officers" at the shelters, who are presumably employed by SUS and VOA.

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. "[T]he under-color-of-state-law element of [Section] 1983 excludes from its reach merely private

---

[2] The Court quotes from the complaint verbatim. Unless otherwise indicated, all grammar, spelling, punctuation, and emphasis are as in the original.

[3] *See* https://sus.org/ (last visited Jan. 31, 2023); https://www.voa-gny.org/ (last visited Jan. 31, 2023).

conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. V. Sullivan,* 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

The activity of a private entity or its employees can be attributed to the state in three situations: (1) the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the entity either willfully participates in joint activity with the state or performs functions that are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the entity (the "public function" test). *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012). The fundamental question under each test is whether the challenged actions are "fairly attributable" to the state. *Id.* (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). The fact that an entity receives public funds does not turn private action into state action. *See Rendell-Baker*, 457 U.S. at 840.

It is not clear from Plaintiff's assertions that the unnamed intake officers he seeks to sue are state actors subject to liability under Section 1983. Plaintiff provides no facts about the officers other than asserting that they are employed at SUS's Renaissance Shelter and VOA's Cromwell Avenue Safe Haven. If the intake officers are employees of SUS and VOA, which are not governmental bodies or entities, the officers cannot be considered state actors based on the limited facts Plaintiff provides. "[T]he provision of homeless services by a private organization, even under contract with the state or where subject to governmental regulation, does not turn the private organization or its employees into state actors." *Ortega v. Samaritan Vill. Myrtle Ave.*

*Men's Shelter*, No. 18-CV-5995, 2020 WL 1043305, at *4 (citation and internal quotation marks omitted); *see also George v. Pathways to Housing, Inc.*, No. 10-CV-9505, 2012 WL 2512964, at *4 (S.D.N.Y. June 29, 2012) ("It is well established that the provision of low-cost supportive housing is not a 'public function.'"). Plaintiff has not alleged facts showing that the activity of the defendants, or their employers, may be "fairly attributable" to the state.[4] Plaintiff has not shown that the officers acted under the color of state law and therefore he cannot support a Section 1983 claim against the intake officers.[5]

If Plaintiff wishes to assert Section 1983 claims against individual employees of SUS, VOA, or any other entity, he must allege facts suggesting that their actions may be "fairly attributable" to the state such that they should be considered state actors. Plaintiff must also state facts showing how each individual defendant was personally involved in violating his rights. As described in further detail below, if Plaintiff does not know the name of the individual employee

---

[4] Plaintiff does not indicate whether any of the intake officers were security guards for the shelters. Generally, private security guards may not be sued under Section 1983 because their acts do not constitute state action. *See Michaels v. City of New York*, No. 10 Civ. 2666 (SHS), 2011 WL 570125, at *5 (S.D.N.Y. Feb. 16, 2011); *Harris v. Security Co. of 1370 Sixth Ave.*, No. 94 Civ. 2599 (JGK), 1996 WL 556927, at *2-3 (S.D.N.Y. Oct. 1, 1996). Courts have found, however, that the actions of private security guards may constitute state action in two circumstances: (1) when they have been designated "Special Patrolmen" appointed by the New York City Police Commissioner; and (2) when they have willfully participated in joint activity with the State or its agents. *See Harris*, 1996 WL 556927, at *2-3; *see also Rojas v. Alexander's Dep't Store*, 924 F.2d 406, 408 (1990).

[5] Even if Plaintiff had alleged facts suggesting these defendants are state actors for the purposes of Section 1983, he fails to allege that these defendants were personally and directly involved in the events giving rise to his claims. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). Further, venue may not be proper in this court in connection with his claims arising at the Renaissance Shelter, which is located in Brooklyn. *See* 28 U.S.C. § 1391; 28 U.S.C. § 112(c) (Brooklyn, which is located in Kings County, New York, falls within the Eastern District of New York).

he wishes to sue, he may refer to them as "John Doe" or "Jane Doe" in the caption and body of the complaint.

        2.      Claims against "N.Y.C. Shelter System"

Plaintiff brings claims against the "N.Y.C. Shelter System," an entity that does not exist. The Court understands that it is likely that Plaintiff is attempting to bring claims against the New York City Department of Homeless Services (DHS), which operates a shelter services system in the City of New York with the assistance of other public agencies and non-profit partners. However, Plaintiff cannot assert claims directly against DHS, either, because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York. Plaintiff does not, however, allege any facts suggesting that the City of New York should be held liable for the alleged violations. A municipality or other local government may be liable under Section 1983 "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson,* 63 U.S. 51, 60 (2011) (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)). In other words, to state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v.*

*Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted). A municipal organization is also subject to liability where its "failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (citing *Monell*, 436 U.S. at 694).

Here, Plaintiff does not allege facts suggesting that DHS or its employees were involved in the events that occurred at Renaissance Shelter and Cromwell Avenue Safe Haven, much less that the City of New York itself has a policy, practice, or custom that resulted in a violation of his rights. Plaintiff therefore fails to state a Section 1983 claim against the City of New York.

Nonetheless, the Court grants Plaintiff leave to amend his complaint to allege any facts suggesting the City of New York's involvement in the alleged violations. If Plaintiff asserts claims against the City of New York in the amended complaint, he must allege facts suggesting that the City of New York had a policy, custom, or practice that violated his federal constitutional rights.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

facts to state a valid claim, the Court grants Plaintiff 60 days' leave to file an amended complaint that names all defendants and includes all claims Plaintiff wishes to assert.

Plaintiff is granted leave to amend his complaint to provide more facts about his assault and robbery claims. First, Plaintiff must name as the defendants in the caption[6] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[7]

Second, in the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a) the names and titles of all relevant people;

    b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c) a description of the injuries Plaintiff suffered; and

---

[6] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[7] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

    d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.[8]

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses "N.Y.C. Shelter System" as a party to this action and directs the Clerk of Court to add the City of New as a defendant under Fed. R. Civ. P. 21.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-7350 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[8] The Court also strongly advises Plaintiff to contact the New York Legal Assistance Group (NYLAG), an organization that provides legal advice to self-represented plaintiffs and defendants, for assistance in drafting his amended complaint. A flyer from NYLAG is attached to this order.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    February 17, 2023
          New York, New York

                              /s/ Laura Taylor Swain
                          _____
                              LAURA TAYLOR SWAIN
                          Chief United States District Judge

# Notice For
# Pro Se Litigants



As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.

Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.

If you need the assistance of the clinic, please call <u>212-659-6190</u> and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.

Please be patient because our responses to your messages may be delayed while we transition to phone appointments.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
  ☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____
First Name               Middle Initial       Last Name

_____
Street Address

_____
County, City                       State           Zip Code

_____
Telephone Number            Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:
_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                          State                 Zip Code

Defendant 2:
_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                          State                 Zip Code

Defendant 3:
_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                          State                 Zip Code

Defendant 4:

_____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                       State           Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.